# Exhibit A

SPS

COMMONWEALTH OF VIRGINIA
CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Anderson Eli Sorto Cabrera vs. Lowes Home Center LLC et al.

CL-2024-0017494

TO: Lowes Home Center, LLC
Corporation Service Company
100 Shockoe Slip FL 2
Richmond, VA 23219

SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on December 16, 2024.

CHRISTOPHER J. FALCON, CLERK

By: ______________________
Deputy Clerk

Plaintiff's Attorney: Matthew Perushek

SPS

**VIRGINIA:**

**IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

**PROOF OF SERVICE**

**Anderson Eli Sorto Cabrera**
**Plaintiff**
**VS**

**Lowes Home Center LLC et al.**
**Defendant**

**CL-2024-0017494**
**Doc type: Complaint/Summons**
**Serve: Lowes Home Center LLC**

STATE OF ____________________________

CITY/COUNTY OF ______________________________________, to wit:

This day ______________________________________________________________

personally appeared before the undersigned Notary Public in and for the City/County and State aforesaid, and, having been first duly sworn according to law, deposes and states as follows: that he/she is not a party to, or otherwise interested in, the subject matter in controversy in the within cause, that he/she is over the age of 18 years, that on the ____ day of ____________, 20___, at ___________ o'clock ____m. he/she served the within Complaint, in person, on the Defendant ____________________ at ____________________________________________

______________________________________________________________________________

__________________________________________________ and the Defendant is / is not a resident of the State of Virginia.

_____________________________________________
AFFIANT TITLE

Subscribed and sworn to before me in my City/County and State aforesaid, this ________ day of __________________, 20______

Notary ID #: ____________________

________________________________________
NOTARY PUBLIC

My Commission expires: ______________

VIRGINIA:

FILED
2024 DEC 13 A 11: 27

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

ANDERSON ELI SORTO CABRERA,

*Plaintiff,*

v.

LOWE'S HOME CENTERS, LLC,

RXO LAST MILE, INC.,

JPHILL LOGISTICS LLC,

and

JOHN DOE,

*Defendants.*

Case No.: 2024 17494

**COMPLAINT**

Plaintiff, Anderson Eli Sorto Cabrera, submits this Complaint and moves this Court for judgment against Defendants, Lowe's Home Centers, LLC, RXO Last Mile, Inc., and JPHill Logistics LLC, and in support of which states:

**PARTIES**

1. Plaintiff is a resident of Prince William County in the Commonwealth of Virginia.

2. Defendant Lowe's Home Centers, LLC ("Defendant Lowe's") is a company that is registered with the Virginia State Corporation Commission to conduct business in Virginia.

3. Defendant Lowe's does conduct business within the Commonwealth of Virginia.

4. Defendant Lowe's owns and operates Lowe's stores throughout the Commonwealth of Virginia.

5. Defendant RXO Last Mile, Inc. ("Defendant RXO") is a corporation that is registered with the Virginia State Corporation Commission to conduct business in Virginia.

6. Defendant RXO does conduct business within the Commonwealth of Virginia.

7. Defendant RXO is a logistic company that provides, among other things, delivery services for commercial goods.

8. Defendant JPHill Logistics, LLC ("Defendant JPHill") is not registered with the Virginia State Corporation Commission to conduct business in the Commonwealth of Virginia.

9. Defendant JPHill does, in fact, conduct business in the Commonwealth of Virginia.

10. Defendant JPHill provides, among other things, delivery services.

11. Defendant John Doe ("Defendant Doe") is an individual who drove the delivery truck described below. Defendant Doe was involved in the incident giving rise to this case.

12. At all times referenced in this Complaint, Defendant Doe was employed by Defendant JPHill and was acting within the course and scope of his employment.

## FACTS

13. The preceding paragraphs are incorporated.

### I. Defendant Lowe's' business.

14. Defendant Lowe's owns and operates home-improvement stores throughout the Commonwealth of Virginia, including under the name "Lowe's Home Improvement."

15. Defendant Lowe's sells, among other things, building supplies[1] and materials to individuals and to professional construction/contracting individuals and businesses.

16. Defendant Lowe's website lists numerous "Building Supplies" that it sells.

17. Customers can purchase building supplies from the website.

18. When purchasing building supplies, customers can choose for Defendant Lowe's to deliver the product to their home or construction site.

19. Defendant Lowe's offers Truck Delivery to its customers.

20. Defendant Lowe's website makes the following statements about its Truck Delivery:

(a) "Lowe's truck delivery—Available to any jobsite, home or business within a 75-mile radius of a fulfillment location."

---

1 Although Defendant Lowe's sells many products beyond building supplies, those are referenced here because building supplies were being delivered when the accident giving rise to the case occurred.

(b) "Also provide any delivery instructions, e.g., access codes, dock instructions, etc."

(c) "If you're a Lowe's customer with a Pro or My Lowe's Rewards Account who purchased online, you can reschedule your delivery by signing in to your account and selecting Order Details."

(d) "Pro customers can also reschedule their delivery by calling the Pro desk at 1-844-569-4776. All customers can reschedule their delivery by selecting Order Status, calling customer care at 1-800-445-6937 or visiting a store."

(e) When discussing Special Delivery Charges, the website states, "Lowe's associates aren't permitted to go onto a roof to delivery materials or lift materials to the roof-deck edge for the customer to unload."

(f) When discussing what to expect during a delivery, the website states: "[y]our driver will call you prior to arriving"; "the driver will deliver your item(s) in the way you requested at the time of purchase or post-purchase"; and "the driver will unpack your merchandise and remove the packaging material, so you can use your product immediately."

(g) Per the website, Defendant Lowe's will send customers "an email notifying you of the delivery-window time frame the night before

the expected delivery," and the customer "can also sign up to receive SMS text messages."

(h) The website states that customers can reschedule deliveries through the website or by calling a local store.

(i) Customers can track the status of their orders. The website states: "Check your order status online by entering the order number or logging in to your personal or business Lowes.com Account. You'll receive email updates if your order status changes."

(j) The website instructs customers to contact Lowe's if products are damaged or incorrect, and it also instructs customers to "inspect your Lowe's truck delivery shipment before singing the driver's release."

(k) The website states that "the delivery driver will park in the driveway to complete the delivery," but if that is not available, "the driver will work with you in selecting an alternative location."

21. Defendant Lowe's has a mobile application, the Lowe's Home Improvement application (the "Lowe's app").

22. Through the Lowe's app, customers can buy products like building supplies.

23. Through the Lowe's app, customers can arrange for delivery, including Truck Delivery.

24. Through the Lowe's app, customers can control the delivery of their products in the same way that they can through the website as stated above.

25. Customers can also go to stores owned and operated by Defendant Lowe's.

26. Customers can arrange for delivery, including Truck Delivery, when purchasing products at Defendant Lowe's stores.

27. When customers purchase products like building supplies from Defendant Lowe's, Defendant Lowe's leads the customers to believe that it will be delivering the products.

28. Defendant Lowe's does not advise customers that it may choose to utilize another company to deliver products purchased from Defendant Lowe's.

29. Defendant Lowe's retains some level of control of the delivery process when customers purchase products from it.

**II. The relationship between the Defendants.**

30. Defendant Lowe's has entered into an express or implied contract with Defendant RXO to deliver some products purchased by customers from Defendant Lowe's.

31. Defendant RXO has entered into an express or implied contract with Defendant JPHill to deliver some products purchased by customers from Defendant Lowe's.

32. Defendant Lowe's has entered into an express or implied contract with Defendant JPHill to deliver some products purchased by customers from Defendant Lowe's.

33. Defendants Lowe's, RXO, and JPHill have entered into a joint enterprise, the business of which is the delivery of products that were purchased from Defendant Lowe's.

34. When Defendant Lowe's receives an order from a customer, it sometimes arranges for Defendant RXO to fulfill the delivery requirements of the order. Defendant RXO, in turn, then sometimes arranges for Defendant JPHill to complete the delivery.

35. Defendants have entered into this joint enterprise for their mutual benefit. When deliveries are successfully completed, then each makes a profit. If a delivery is not successfully completed, then each would sustain a financial loss in the form of nonpayment.

36. Defendant Lowe's, Defendant RXO, and Defendant JPHill each has the right to manage and control the joint enterprise in the following ways:

(a) After receiving an order, Defendant Lowe's can contact Defendant RXO to arrange for delivery of the order. Defendant Lowe's would specify the details of the delivery, including the following: what is to be delivered, when it is to be delivered, if there are any special instructions to accomplish the delivery, and if there are unpacking instructions.

(b) If Defendant RXO is unable to fulfill the delivery, it can decline taking the delivery. Doing so is mutually beneficial to both parties because if Defendant RXO accepted responsibility for the delivery

but failed to complete it as required, that would be at the financial detriment of both parties.

(c) If Defendant RXO is able to fulfill the delivery, it can contact Defendant JPHill to have it actually complete the delivery. Defendant RXO would specify the details of the delivery as provided by Defendant Lowe's.

(d) If Defendant JPHill is unable to complete the delivery, it can decline taking the delivery. Doing so is mutually beneficial to all three parties because if Defendant JPHill accepted the delivery and failed to complete it as required, that would be financially detrimental to all parties involved.

37. When Defendant JPHill accepts a delivery from Defendant Lowe's through Defendant RXO, then Defendant JPHill agrees to complete the delivery as specified by Defendant Lowe's. Defendant JPHill would direct its employee to deliver the product as specified by Defendant Lowe's.

38. After Defendant JPHill has accepted a delivery, Defendant Lowe's retains the right to control the delivery in the following ways:

(a) If Defendant JPHill arrives at a Lowe's store to pick up product, and it fails to bring a truck or other vehicle capable of transporting the product, Defendant Lowe's can refuse to release the product to Defendant JPHill.

(b) If Defendant JPHill does not timely arrive to pick up an order, Defendant Lowe's can arrange for another to fulfill the delivery.

(c) In either scenario above, Defendant Lowe's could work with Defendant RXO to arrange for another delivery company to complete the delivery.

(d) Defendant Lowe's dictates the window when the delivery will be made. It directs Defendant JPHill to deliver within that window.

(e) Defendant Lowe's obtains delivery instructions from customers and directs Defendant JPHill to complete the deliveries as instructed.

(f) Defendant Lowe's directs its customers to contact it—and not Defendant JPHill—with any issues related to delivery, including rescheduling the delivery.

(g) If a customer contacts Defendant Lowe's with a complaint, then Defendant Lowe's rectifies the problem.

(h) Defendant Lowe's requires Defendant JPHill's drivers to use the "Delivered, by Lowe's" mobile application. Through the app, drivers provide updates to Defendant Lowe's on the delivery status. Defendant Lowe's can provide notes to drivers, including delivery instructions. The information in the app is also transferred to customers' Lowe's portals, which allows the customers to see delivery status.

(i) The Delivered, by Lowe's app is controlled by Defendant Lowe's. It can dictate to Defendant JPHill's drivers the order in which they make deliveries.

(j) Through its app, Defendant Lowe's is able to actively monitor the deliveries being conducted by Defendant JPHill and arranged by Defendant RXO.

**III. The injury giving rise to this case.**

39. On February 2, 2023, Plaintiff was working at a jobsite at 2 Crestview Drive, Stafford, Virginia.

40. Plaintiff was a sub-contractor doing work for the contractor, Juan Tobon Toro, who was remodeling the residential home on the property.

41. Mr. Toro placed an order for building supplies from Defendant Lowe's. He chose for Defendant Lowe's to have the building supplies delivered to the jobsite.

42. Defendant Lowe's contacted Defendant RXO to fulfill the delivery, which in turn contacted Defendant JPHill to complete the delivery.

43. Defendants Lowe's, RXO, and JPHill had a prior history of delivering products purchased by customers from Defendant Lowe's. Their joint enterprise had therefore started before February 2, 2023.

44. Mr. Toro's order required the use of a forklift for delivery.

45. Defendant Lowe's arranged for Defendant RXO and Defendant JPHill to have the building supplies delivered with a truck that also had a forklift to have the supplies removed from the truck and to the jobsite.

46. Defendant JPHill assigned Defendant Doe, its employee, to deliver the building supplies to the jobsite.

47. Mr. Toro and Defendant Lowe's arranged for the delivery window to be between 8:00 a.m. and 12:00 p.m. Defendant Lowe's notified Defendants RXO and JPHill of that delivery window.

48. Mr. Toro was able to monitor the status of his order through his Lowe's account.

49. While attempting to deliver the building supplies to the jobsite, Defendant Doe had difficulty. The supplies were accidentally dropped, and Defendant Doe attempted to retrieve the supplies with the forklift.

50. During the course of attempting the delivery, the forklift became stuck.

51. Defendant Doe attempted to unstick the forklift.

52. Defendant Doe asked Plaintiff to assist him in getting the forklift unstuck. While Plaintiff was attempting to assist Defendant Doe, Defendant Doe drove his truck forward, which in turn caused the forklift to fall over and onto Plaintiff.

53. As a result of this injury, Plaintiff sustained serious and permanent injuries, including but not limited to serious and permanent damage to his leg that was crushed under the forklift.

## COUNT I—NEGLIGENCE
## DEFENDANTS DOE AND JPHILL

54. The preceding paragraphs are incorporated.

55. Defendant Doe owed Plaintiff to use the duty of ordinary care in the course of delivering the building supplies and in the course of operating his delivery truck.

56. Defendant Doe was negligent in, among other things, driving his truck while attached to the forklift—while also having asked Plaintiff to assist with the forklift—which in turn caused the forklift to fall over and crush Plaintiff.

57. Defendant Doe was employed by Defendant JPHill at all times referenced herein, and Defendant Doe was acting within the course and scope of his employment.

58. Defendant JPHill is vicariously liable for the negligence of Defendant Doe under the doctrine of *respondeat superior*.

## COUNT II—JOINT ENTERPRISE DEFENDANTS LOWE'S AND RXO

59. The preceding paragraphs are incorporated.

60. Defendants Lowe's, RXO, and JPHill were joined in a business enterprise for their mutual benefit, with the understanding that they would share in profits and losses, and each retained the right to control or manage the joint business enterprise.

61. Since Defendant Doe, Defendant JPHill's employee, negligently injured Plaintiff within the scope of the enterprise, then Defendants Lowe's and RXO are vicariously liable for that negligence and the injuries sustained by Plaintiff.

**COUNT III—AGENCY**
**DEFENDANTS LOWE'S AND RXO**

62. Paragraphs 1 through 58 are incorporated. This Count is pleaded in the alternative to Count II.

63. Defendants Lowe's and RXO had the power and right to control the means and methods by which Defendant JPHill, and its employees, performed the delivery of Defendant Lowe's products. As such, Defendant JPHill and Defendant Doe were agents of Defendant Lowe's and RXO, principals.

64. Defendants Lowe's and RXO are vicariously liable for the negligence of Defendants JPHill and Doe because of their principal-agent relationship.

**PRAYER FOR RELIEF**

Plaintiff, Anderson Eli Sorto Cabrera, moves this Court for judgment against Defendants, Lowe's Home Centers, LLC, RXO Last Mile, Inc., and JPHill Logistics LLC, jointly and severally, in the amount of fifteen million dollars ($15,000,000), with prejudgment interest from the date of injury, costs incurred, and any other relief this Court deems just.

**JURY DEMANDED**

Plaintiff demands a trial by jury.

ANDERSON ELI SORTO CABRERA
By Counsel

FREI, MIMS & PERUSHEK, L.L.P.

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*

Raul J. Romero, Esq. (VSB No. 31593)
The Law Offices of Raul J. Romero
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 319-9002
(703) 891-5223 (fax)
rromero@romerolawoffices.com
*Co-Counsel for Plaintiff*

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| ANDERSON ELI SORTO CABRERA,<br><br>*Plaintiff*,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, *et al.*,<br><br>*Defendants.* | CL-2024-17494 |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LOWE'S**

Plaintiff, Anderson Eli Sorto Cabrera, under the Rules of the Supreme Court of Virginia, submits these interrogatories to Defendant Lowe's Home Centers, LLC:

**INTERROGATORIES**

1. Identify each person you expect to call as an expert witness at trial. For each person, state the subject matter on which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

2. Identify by name, address, and telephone number each person who has knowledge of any discoverable matter. For each such person, identify the nature of his or her information.

3. Identify by full name and last known address the individual who drove the JPHill truck to make the Delivery.[1]

4. Describe all instructions you provided to any other person or entity about the Delivery.

5. How did you learn that Plaintiff was injured during the Delivery? In answering, identify who notified you, how you were notified, when you were notified, and what you were told.

ANDERSON ELI SORTO CABRERA
By Counsel

1 The "Delivery" means products purchased from Lowe's by Mr. Toro, which were to be delivered on February 2, 2023 to a jobsite at 2 Crestview Drive, Stafford, Virginia. It is the delivery referenced in the Complaint, and the injury giving rise to this case occurred during the delivery.

FREI, MIMS & PERUSHEK, L.L.P.

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*

Raul J. Romero, Esq. (VSB No. 31593)
The Law Offices of Raul J. Romero
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 319-9002
(703) 891-5223 (fax)
rromero@romerolawoffices.com
*Co-Counsel for Plaintiff*

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| ANDERSON ELI SORTO CABRERA,<br><br>*Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, *et al.*,<br><br>*Defendants.* | CL-2024-17494 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT LOWE'S**

Plaintiff, Anderson Eli Sorto Cabrera, under the Rules of the Supreme Court of Virginia, submits these requests for the production of documents to Defendant Lowe's Home Centers, LLC:

**REQUESTS FOR PRODUCTION**

1. All insurance agreements under which any person (which includes any individual, corporation, partnership, or other association) carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this case or to indemnify or reimburse for payments made to satisfy the judgment.

2. The documents you obtained through the use of authorizations signed by Plaintiff.

3. The documents and other materials you obtain in response to each subpoena.

4. All emails and text messages sent to or from any of your employees and any other individual about the Delivery.[1]

5. All messages sent through all mobile applications about the Delivery.

6. A complete copy of the "Order Details" and "Order Status" for Mr. Toro's Pro or MyLowe's Rewards Account for the Delivery.

7. A complete copy of the information/pages on the Lowes.com Account for the Delivery.

8. A complete copy of the information/pages on the Delivered, By Lowe's mobile application for the Delivery.

9. All contracts between you and Defendant RXO.

10. All contracts between you and Defendant JPHill.

ANDERSON ELI SORTO CABRERA
By Counsel

1 The "Delivery" means products purchased from Lowe's by Mr. Toro, which were to be delivered on February 2, 2023 to a jobsite at 2 Crestview Drive, Stafford, Virginia. It is the delivery referenced in the Complaint, and the injury giving rise to this case occurred during the delivery.

FREI, MIMS & PERUSHEK, L.L.P.

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*

Raul J. Romero, Esq. (VSB No. 31593)
The Law Offices of Raul J. Romero
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 319-9002
(703) 891-5223 (fax)
rromero@romerolawoffices.com
*Co-Counsel for Plaintiff*

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| ANDERSON ELI SORTO CABRERA,<br>*Plaintiff*,<br>v.<br>LOWE'S HOME CENTERS, LLC, *et al.*,<br>*Defendants*. | CL-2024-17494 |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JPHILL**

Plaintiff, Anderson Eli Sorto Cabrera, under the Rules of the Supreme Court of Virginia, submits these interrogatories to Defendant JPHill Logistics, LLC:

**INTERROGATORIES**

1. Identify each person you expect to call as an expert witness at trial. For each person, state the subject matter on which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

2. Identify by name, address, and telephone number each person who has knowledge of any discoverable matter. For each such person, identify the nature of his or her information.

3. Identify by full name and last known address the individual who drove the JPHill truck to make the Delivery.[1]

4. Describe all instructions you received about the Delivery.

5. Describe all instructions you provided to your driver about the Delivery.

6. How did you learn that Plaintiff was injured during the Delivery? In answering, identify who notified you, how you were notified, when you were notified, and what you were told.

ANDERSON ELI SORTO CABRERA
By Counsel

1 The "Delivery" means products purchased from Lowe's by Mr. Toro, which were to be delivered on February 2, 2023 to a jobsite at 2 Crestview Drive, Stafford, Virginia. It is the delivery referenced in the Complaint, and the injury giving rise to this case occurred during the delivery.

FREI, MIMS & PERUSHEK, L.L.P.

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*

Raul J. Romero, Esq. (VSB No. 31593)
The Law Offices of Raul J. Romero
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 319-9002
(703) 891-5223 (fax)
rromero@romerolawoffices.com
*Co-Counsel for Plaintiff*

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| ANDERSON ELI SORTO CABRERA,<br><br>*Plaintiff,*<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, *et al.*,<br><br>*Defendants.* | CL-2024-17494 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT JPHILL**

Plaintiff, Anderson Eli Sorto Cabrera, under the Rules of the Supreme Court of Virginia, submits these requests for the production of documents to Defendant JPHill Logistics, LLC:

**REQUESTS FOR PRODUCTION**

1. All insurance agreements under which any person (which includes any individual, corporation, partnership, or other association) carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this case or to indemnify or reimburse for payments made to satisfy the judgment.

2. The documents you obtained through the use of authorizations signed by Plaintiff.

3. The documents and other materials you obtain in response to each subpoena.

4. All emails and text messages sent to or from any of your employees and any other individual about the Delivery.[1]

5. All messages sent through all mobile applications about the Delivery.

6. A complete copy of the information/pages on the Delivered, By Lowe's mobile application for the Delivery.

7. All contracts between you and Defendant Lowe's.

8. All contracts between you and Defendant RXO.

ANDERSON ELI SORTO CABRERA
By Counsel

---

1 The "Delivery" means products purchased from Lowe's by Mr. Toro, which were to be delivered on February 2, 2023 to a jobsite at 2 Crestview Drive, Stafford, Virginia. It is the delivery referenced in the Complaint, and the injury giving rise to this case occurred during the delivery.

FREI, MIMS & PERUSHEK, L.L.P.

Steven M. Frei, Esq. (VSB No. 32211)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
steve.frei@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*

Raul J. Romero, Esq. (VSB No. 31593)
The Law Offices of Raul J. Romero
10513 Judicial Drive, Suite 102
Fairfax, VA 22030
(703) 319-9002
(703) 891-5223 (fax)
rromero@romerolawoffices.com
*Co-Counsel for Plaintiff*